IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SANDRA ANN RIVES, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:09-CV-539-HEH
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
)
    Defendant. )

## MEMORANDUM ORDER
(Adopting the Report and Recommendation of the United States Magistrate Judge
and Granting Defendant's Motion for Summary Judgment)

THIS MATTER is before the Court on a Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Dennis W. Dohnal, United States Magistrate Judge ("Magistrate Judge"), on April 12, 2010. The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment. Plaintiff has filed objections to the R&R, and Defendant has responded thereto. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.

The instant case involves Plaintiff's claim of entitlement to Social Security Disability and Supplemental Security Income payments. The Administrative Law Judge ("ALJ") denied Plaintiff's claim, finding that Plaintiff was not disabled (as that term is defined by the Social Security Act) because Plaintiff was able to perform a number of different jobs in the national economy. R. at 18-20. After her administrative appeal was

denied, Plaintiff sought relief from this Court.

On review, the Magistrate Judge considered the limited issue of whether "the Commissioner's decision that Plaintiff is not entitled to benefits [was] supported by substantial evidence on the record and the application of the correct legal standard." R&R at 2; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). After a detailed analysis, the Magistrate Judge concluded that ALJ applied the correct legal standard to arrive at a decision that was supported by substantial evidence. Having reviewed the record, the R&R, and Plaintiff's objections, this Court finds that there is substantial justification in the record to support the Magistrate Judge's findings of fact and conclusions of law as to the ALJ's decision.

Plaintiff advances three objections to the R&R. First, Plaintiff contends that the R&R "would allow ALJ Swank to reject the opinion of the treating orthopedic surgeon Dr. Kalluri that pain severely limited Ms. Rives' concentration and disabled her." The R&R, however, properly found that the ALJ's decision regarding Dr. Kalluri's opinions was supported by substantial record evidence and application of the correct legal standard. The R&R found that the ALJ's decision to discount Dr. Kalluri's opinion was based on consideration of Dr. Kalluri's treatment notes and the opinions of other physicians. Despite Plaintiff's contentions that the opinions of the state agency physicians should be given "no substantial weight," the ALJ was required to consider their opinions to the extent they were not inconsistent with the evidence in the record. 20

C.F.R. § 404.1527(f)(2). As the R&R correctly notes, the ALJ evaluated all of the relevant opinions and assigned them their appropriate weight in reaching the ultimate conclusion. Plaintiff's first objection lacks merit.

Plaintiff's next objection is that the R&R erred in not requiring the ALJ to use a vocational expert. Plaintiff argues that the evidence of impaired concentration rose to a level of nonexertional impairment such that the Medical Vocational Guidelines ("grids") could not be utilized and a vocational expert was required. As the R&R recognized, the only evidence to support a claim of nonexertional limitations were Plaintiff's own complaints and the opinions of Dr. Kalluri, both of which were discounted by the ALJ. The R&R properly found that the ALJ could rely on the grids to determine the Plaintiff's level of disability and potential for employment. The R&R appropriately affirmed the ALJ's determination that there was no evidence to support Plaintiff's nonexertional limitation claims. This Court agrees with the Magistrate Judge that the ALJ correctly relied on the grids and that the use of a vocational expert was not required.

Plaintiff's final contention is that a medical advisor was required to determine medical equivalence to Listing 1.04. This claim is similarly without merit. Plaintiff correctly asserts that "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the [ALJ] or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96-6p. However, SSR

3

96-6p also states that the signature of a state agency medical consultant on a Disability Determination and Transmittal ("DDT") Form "ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." *Id.* When an ALJ finds that an individual's impairment is not equivalent in severity to any listing, as the ALJ found here and Plaintiff does not contest, then the requirement to receive expert opinion evidence into the record may be satisfied by documents such as the DDT Form. Obtaining the assistance of a medical advisor is not necessary unless the record either suggests a judgment of equivalence may be reasonable or additional evidence is received that may change the State agency medical consultant's finding on equivalence. *Id.*

Further, the determination of medical equivalence rests with the ALJ. 20 C.F.R. § 404.1526(e). Here, the ALJ did not find evidence that suggested a judgment of equivalence might be reasonable, nor did he receive additional evidence concerning Listing 1.04 that may have changed the state agency physician's original determination. *See* R. at 18. Consequently, the ALJ was not required to consult a medical advisor before determining that Plaintiff did not have an impairment that medically equaled Listing 1.04. Even if the Magistrate Judge misconstrued Plaintiff's argument and only assessed whether Plaintiff had an impairment that actually met Listing 1.04, such error was harmless as the determination of equivalence rests with the ALJ, and the ALJ's finding

that Plaintiff did not have an impairment that medically equaled any Listing is supported by substantial evidence.

Accordingly, because there is substantial justification in the record to support the Magistrate Judge's findings of fact and conclusions of law regarding the Commissioner's decision, the Court HEREBY ACCEPTS and ADOPTS the April 12, 2010 Report and Recommendation of the Magistrate Judge (Dkt. 12). Defendant's Motion for Summary Judgment (Dkt. 10) is hereby GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. 6) is hereby DENIED.

The Clerk is directed to send a copy of this Order to all counsel of record and to Magistrate Judge Dohnal.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: July 22, 2010
Richmond, Va.

5